IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:07CV37-V

| | |
|---|---|
| EMILY M. ARMSTRONG, a minor, ) <br> by and through her Guardian ad litem, ) <br> STEPHANIE J. GIBBS, ) <br>     Plaintiff / Counter-Defendant, ) <br> ) <br> vs. ) <br> ) <br> LANIER M. CANSLER, in his ) <br> official capacity as secretary of the ) <br> North Carolina Department of Health ) <br> and Human Services,[1] ) <br>     Defendant / Counter-Plaintiff. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | **O R D E R** |

**THIS MATTER** is before the Court upon its own motion for purposes of lifting the stay ordered on April 23, 2008.

This case arises out of a declaratory judgment action brought on behalf of the minor child, Emily M. Armstrong. Plaintiff brings the action under 42 U.S.C. §1983 and alleges that imposition of the lien constitutes a deprivation of her rights, namely, 42 U.S.C. §1396p (known as the "Federal Medicaid Anti-Lien Provision") and the Fourteenth Amendment of the U.S. Constitution. In the complaint, Plaintiff seeks a declaratory judgment finding: 1) that Defendant does not have a lien on the proceeds arising from the minor child's personal injury action against James A. Barnes, Jr., M.D., Newton Women's Care, P.A., and Catawba Valley Medical Center ("the underlying action"); 2) that N.C. Gen. Stat. §§108A-57 and 108A-59 are unconstitutional to the extent the statutes allow Defendant to assert a lien on compensation for damages other than medical expenses pursuant to the

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Effective January 28, 2009, Lanier M.. Cansler replaced the originally named Defendant, Carmen Hooker Odom, as Secretary of the North Carolina Department of Health and Human Services. (Document #14)

1

Supremacy Clause; and 3) that Defendant be enjoined from enforcing N.C. Gen. Stats. §§108A-57 and 108A-59 in a manner that violates 42 U.S.C. 1396, *et seq*., Arkansas Dep't of Health and Human Servs. v. Ahlborn, 126 S.Ct. 1752 (2006), and the Equal Protection Clause of the Fourteenth Amendment.

On April 22, 2008, the Court heard oral argument on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Motion To Dismiss pursuant to Rule 12(b)(6) as to Plaintiff's Equal Protection claim. (Document #7) By oral Order, the Court denied Defendant's Rule 12(b)(1) motion and granted its 12(b)(6) motion without prejudice. The Court also stayed all Rule 16 discovery obligations pending disposition in the North Carolina Supreme Court of the Andrews v. Haygood appeal. *See* Andrews v. Haygood, 655 S.E.2d 440 (N.C.App.2008).

On May 1, 2008, Defendant filed its "Answer, Affirmative Defense, Counterclaim, and Motion to Dismiss." (Document #12) Defendant asserts Estoppel as its First Affirmative Defense. Defendant's Counterclaim seeks a Declaratory Judgment that N.C. Gen. Stats. §§108A-57 and 108A-59 are constitutional. In addition, Defendant's filing includes a Rule 12(b)(7) Motion to Dismiss alleging failure to join the minor child's parents as necessary and indispensable parties.

On January 13, 2009, Plaintiff filed a Notice advising the Court of the North Carolina Supreme Court's decision in Andrews v. Haygood. *See* Andrews v. Haygood, 669 S.E.2d 310 (2008) (Document #13) Since that time, neither party has moved to lift the stay on Rule 16 discovery obligations, filed dispositive motions, or sought any further assistance from this federal district court.

The parties are referred to Local Civil Rule 7.1(C)(1), which governs the Court's treatment of motions contained in initial responsive pleadings that are not accompanied by a memorandum of law in support. Pursuant to Local Civil Rule 7.1(C)(1):

> "Motions to dismiss contained in answers to complaints ... are considered by the Court to be preserved. A party wishing to have decided any preserved motion shall file a separate motion and supporting brief."

L.Civ.R. 7.1(C)(1). In addition, Local Civil Rule 16.1 explains as follows:

> "Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues."

L.Civ.R. 16.1(D). "Joinder of the Issues" occurs within the Western District of North Carolina when "the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired." L.Civ.R. 16.1(D).

Here, because Defendant's Rule 12(b)(7) motion does not comply with Local Civil Rule 7.1, Defendant's inclusion of the motion within the Answer does not preclude joinder of the issues. Similarly, Plaintiff's failure to respond to Defendant's Counterclaim does not preclude joinder of the issues given that service of the Counterclaim was accomplished via CM / ECF upon its filing (more than a year ago) and the time for submitting an Answer has expired. *See* FED. R. CIV. P. 12(a)(1)(B).[2]

Accordingly, the parties are directed to proceed with an Initial Attorney's Conference and submit Certification of the same consistent with Federal Rules of Civil Procedure 16, 26, and Local Civil Rule 16.1(A)-(C).

**IT IS, THEREFORE, ORDERED** that Certification of the Initial Attorney's Conference should be filed **on or before Monday, June 15, 2009**.

---

[2] Subsection (a)(1)(B) of Rule 12 reads:

> "A party must serve an answer to a counterclaim ... within 20 days after being served with the pleading that states the counterclaim....."

**IT IS FURTHER ORDERED** that the **STAY** imposed on April 23, 2008 is hereby **LIFTED**.

Signed: June 1, 2009

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge